UNITED STATES

v.

**Airman Basic Don J. SHOWS, FR 454–19–6107 United States Air Force.**

**ACM 22474.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Nov. 1978.

Decided 7 June 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain W. Alan Woodford, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

PER CURIAM:

Tried by general court-martial, the accused was convicted, despite his pleas,* of forgery on two occasions and larceny of an automobile, in violation of Articles 123 and 121, Uniform Code of Military Justice, 10 U.S.C.A. §§ 923, 921. The approved sentence extends to a dishonorable discharge, confinement at hard labor for five years and forfeiture of all pay and allowances.

Appellate defense counsel assign three errors and invite our attention to the errors asserted in defense counsel's comments on the review of the staff judge advocate. Except for that discussed below, the errors are either without merit or were considered in the excellent review of the staff judge advocate and properly resolved against the accused.

In the error meriting discussion, appellant defense counsel assert:

ACTION BY THE CONVENING AUTHORITY MORE THAN 90 DAYS AFTER COMPLETION OF TRIAL REQUIRES DISMISSAL OF THE CHARGES.

---

* Accused's proffered guilty pleas to the forgery specifications were properly rejected by the military judge during the providency inquiry.

We disagree.

The record indicates that the accused's trial was completed on 21 November 1978 and that the convening authority took his action on 24 February 1979, a passage of 95 days. On its face this would seem to bring into play the rule of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). However, examination of the allied papers of the record of trial discloses that the accused was in civil confinement during the period before and after trial except for the two days of the trial itself. Under these circumstances we find the decision of the Navy Court of Military Review in *United States v. Smith*, 5 M.J. 525 (N.C.M.R. 1978), pet. denied, 5 M.J. 324 (C.M.A.1978), persuasive. There, the accused was released from confinement following conviction by a court-martial to the Icelandic authorities for trial on violation of Icelandic laws. In the words of Senior Judge Dunbar:

> [W]e conclude that the *Dunlap* rule is not applicable, and that when appellant was properly released to Icelandic authorities, the period of delay accountable to the Government was tolled. His incarceration during this period was the result of his own wrongdoing and we do not believe the Government should be held accountable for the confinement imposed

and served as a result of action taken by civil authorities. *Dunlap* is designed to prevent military authorities from unduly retaining in confinement persons who have been sentenced by courts-martial. Therefore, in our opinion *Dunlap* is simply not relevant to individuals held by civil authorities.

5 M.J. 527. See also *United States v. Reed*, 2 M.J. 64 (C.M.A.1976) and *United States v. Steverson*, 45 C.M.R. 649 (A.F.C.M.R.1972), pet. denied, 45 C.M.R. 929 (1972) for cases involving confinement by civil authorities prior to trial.

In our opinion the prophylaxis of *Dunlap*, and for that matter, *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), is applicable to military confinement only and does not apply when the accused is confined by civil authorities by order of their own courts. See *United States v. Williams*, 12 U.S.C.M.A. 81, 30 C.M.R. 81 (1961), *United States v. Reed*, supra.

The findings of guilty and the sentence are

AFFIRMED.